UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Mauro Juarez, on behalf of himself and all other persons similarly situated,<br><br>    Plaintiff,<br><br>    - vs. -<br><br>Pizza Friendly Pizza NYC, LLC, d/b/a Friendly Gourmet Pizza and Arturo Flores,<br><br>    Defendants. | DOCKET NO. _____<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

    Plaintiff Mauro Juarez, by and through his undersigned attorneys, for their complaint against defendants Pizza Friendly Pizza NYC, LLC, d/b/a Friendly Gourmet Pizza and Arturo Flores, alleges as follows, on behalf of himself and all other persons similarly situated:

## NATURE OF THE ACTION

    1.   Plaintiff Mauro Juarez, on behalf of himself and all other persons similarly situated, current and former employees of defendants Pizza Friendly Pizza NYC, LLC, d/b/a

Friendly Gourmet Pizza and Arturo Flores, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), allege that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2. Plaintiff further complains that he is entitled to (i) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these violations; and (vi) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiff Mauro Juarez is an adult individual residing in Elmhurst, New York.

4. Mr. Juarez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5. Defendant Pizza Friendly Pizza NYC, LLC, d/b/a/ Friendly Gourmet Pizza is a domestic limited liability company organized under the law of the State of New York

(hereinafter referred to as "Friendly Gourmet Pizza") with a registered service of process address at 80 State Street, Albany, NY 12207.

6. Defendant Friendly Gourmet Pizza owns and operates a pizza restaurant located at 59 Nassau Street, New York, NY 10038.

7. At all relevant times, defendant Friendly Gourmet Pizza was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. At all relevant times, defendant Friendly Gourmet Pizza has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. Upon information and belief, at all relevant times, defendant Friendly Gourmet Pizza has had gross revenues in excess of $500,000.00.

10. Upon information and belief, at all relevant times herein, defendant Friendly Gourmet Pizza has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

11. Defendant Arturo Flores is an owner or part owner and principal of Friendly Gourmet Pizza, who has the power to

hire and fire employees, set wages and schedules, and maintain their records.

12. At all relevant times, Defendant Arturo Flores was involved in the day-to-day operations of Friendly Gourmet Pizza and played an active role in managing the business.

13. Defendants constituted "employers" of Plaintiff Juarez as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by the defendants in the United States at any time since January 30, 2019, to the entry of judgment in

this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17. The Collective Action Members are similarly situated to Plaintiff in that they were employed by defendants as non-exempt employees and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

18. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

19. Plaintiff and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

20. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

21. At all relevant times herein, the defendants owned and operated Friendly Gourmet Pizza, a pizza restaurant located at 59 Nassau Street in Manhattan, New York.

22. Plaintiff Mauro Juarez was employed at Friendly Gourmet Pizza from approximately March 2017 until March 2020.

5

23. Plaintiff Juarez was hired by defendant Arturo Flores.

24. Mr. Juarez was employed by Defendants as a pizza maker, food preparer, and stocker.

25. Mr. Juarez's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

26. At all relevant times herein, Mr. Juarez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

27. From March 2017 until March 2020, Mr. Juarez worked a regular schedule of five days per week, from 7 a.m. until 5 p.m., with Saturday and Sunday off.

28. As a result, he was working approximately 50 hours per week during that period of his employment by the defendants.

29. Mr. Juarez was paid weekly in cash, at the rate of $600-$750 per week throughout his employment by Defendants as follows:  $600 per week during 2017; $650 per week during 2018;  $700 and later $750 per week during 2019; and $750 during 2020.

30. Plaintiff has been paid in cash throughout their employment by the defendants and received no paystubs or wage statements of any sort with their pay.

31. The defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

32. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours he worked was willful and lacked a good faith basis.

33. Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

34. Defendants failed to provide Plaintiff with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

35. Upon information and belief, throughout both periods of Plaintiff's employment, both before that time (throughout the Collective Action Period) and continuing

7

until today, defendants have likewise employed other individuals like Plaintiff (the "Collective Action Members") in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

36. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

37. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

38. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

39. Upon information and belief, while the defendants employed Plaintiff and the Collective Action Members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

40. Upon information and belief, while the defendants employed Plaintiff and the Collective Action Members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

41. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

42. At all relevant times, the defendants employed Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

43. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

44. As a result of Defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have

9

violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

46. Due to the defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

47. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48. At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

49. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour

worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

50. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

51. Due to the defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from the defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

52. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the

11

Wage Theft Prevention Act when they were hired, or at any time thereafter.

55. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

56. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from the defendants statutory damages of $250 per day, for each day of his employment by the defendants, up to the maximum statutory damages.

57. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from the defendants statutory damages of $50 per day for each day of his employment by the defendants, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and

prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. An award of liquidated damages as a result of defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. Liquidated damages for the defendants' New York Labor Law violations;

g. Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

h. Back pay;

i. Punitive damages;

j. An award of prejudgment and postjudgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: September 30, 2022

<u>/s/ Michael Samuel</u>
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiff,
*Individually and on behalf of an FLSA collective action*